# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESEE
# NASHVILLE DIVISION

| | |
|---|---|
| PAUL MILLER, | ) |
| | ) **JURY DEMAND** |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| TENNESSEE FOOTBALL, INC. | ) Judge: |
| | ) Magistrate Judge: |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Paul Miller ("Miller" or "Plaintiff"), by counsel, brings this action against Defendants, Tennessee Football, Inc d/b/a as Tennessee Titans. ("Titans"), alleging violations of the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq*. and 29 U.S.C. §§ 206(d) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* as amended.

## PARTIES

2. Plaintiff is a resident of the Davidson County, Tennessee, who at all relevant times to this action resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b), 29 U.S.C. §2611(4), and 29 U.S.C. § 203(d).

6. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2)

7. Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this court.

## FACTUAL ALLEGATIONS

9. Miller was hired by the Defendant on or about October 16, 2019, as a Sports Field Assistant.

10. Miller's job duties included: preparing the Titans' practice and game field during the regular season, assisting in the Titans' practice with the special teams and running backs, and assisting both the Titans and any opponent with any equipment issues during practice and games.

11. Throughout his employment, Miller met or exceeded legitimate performance expectations.

12. On March 18, 2020, President Donald J. Trump signed the "Families First Coronavirus Response Act" ("FFCRA").

13. Under the FFCRA, the Defendant was to offer Paid Sick Leave for Two Weeks to qualifying employees.

14. On or about November 11, 2020, Miller tested positive for COVID-19 ("COVID").

15. Miller was told that he must quarantine.

2

16. On November 11, 2020, Miller provided supporting documentation for his diagnosis and was placed on Paid Sick Leave for Two Weeks pursuant to the FFCRA.

17. On or about November 20, 2020, Miller received a phone call from Allie Lessmiller and Dan Werly. During said phone call, Miller was told that he was being terminated.

18. Under the FFCRA, the Defendant was not permitted to discharge, discipline, or otherwise discriminate against any employee who takes paid sick leave under the FFCRA.

19. Plaintiff has suffered harm as a result of the Defendant's actions.

## CAUSES OF ACTION

## COUNT I: FLSA VIOLATION UNDER THE FFCRA

20. Plaintiff hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint.

21. Under the FFCRA, the Defendant was to offer Paid Sick Leave for Two Weeks to qualifying employees.

22. Miller, as an individual who was contracted COVID and was told to self-quarantine, was a qualified employee.

23. Under the FFCRA, any employee that violated an employee's rights under the FFCRA are subject to penalties pursuant to 29 U.S.C. 216 and 217.

24. Defendant's actions were intentional, willful, and in reckless disregard of Miller's rights as protected by the FLSA.

25. Miller suffered damages as a result of Defendant's unlawful actions.

## COUNT II: FMLA INTERFERENCE

26. Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint.

3

<sub>Case 3:21-cv-00378   Document 1   Filed 05/12/21   Page 3 of 5 PageID #: 3</sub>

27. Defendant unlawfully interfered with the exercise of Miller's rights under the FMLA.

28. Defendant's actions were intentional, willful, and in reckless disregard of Miller's rights as protected by the FMLA.

29. Miller suffered damages as a result of Defendant's unlawful actions

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Paul Miller, by counsel, respectfully requests that this Court find for Plaintiff and order that the Defendants:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate Plaintiff to the position, salary and seniority level with all perquisites of employment lost as a result of Defendant's actions;

3. Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

5. Award Plaintiff liquidated damages for Defendant's violations of the FLSA and the FMLA;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Kyle F. Biesecker*_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:   (615) 783-2171
Facsimile:    (812) 424-1005
E-Mail:        kfb@bdlegal.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Miller, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Kyle F. Biesecker*_____
Kyle F. Biesecker, Attorney No. 28872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:   (615) 783-2171
Facsimile:    (812) 424-1005
E-Mail:        kfb@bdlegal.com
*Attorney for Plaintiff*